**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**ALIREZA SADEGHI, ET AL.** **CIVIL ACTION NO.**

**VERSUS** **20-447-SDD-EWD**

**AETNA LIFE INSURANCE COMPANY**

**NOTICE AND ORDER**

This is a civil action involving claims by Alireza Sadeghi, M.D. and Taylor Theunissen, M.D. (collectively, "Plaintiffs") against Aetna Life Insurance Company ("Aetna") "concerning Aetna's under-reimbursement of Plaintiffs for post-mastectomy breast reconstruction surgical services."[1] On July 10, 2020, Plaintiffs filed their Complaint against Aetna in this Court, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[2]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.[3] The Complaint does not adequately allege the citizenship of Plaintiffs, nor does it adequately allege the citizenship of Aetna.[4]

The Complaint states, "Plaintiff Taylor Theunissen…is [an] Associate Professor at LSU and Tulane University medical schools. His principal office is in Baton Rouge, Louisiana."[5] Likewise, the Complaint states, "Plaintiff Alireza Sadegh['s]...principal office is in New Orleans, Louisiana."[6] These allegations are not sufficient to establish citizenship. "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[7] Furthermore, "[f]or adults, domicile is

---

[1] R. Doc. 1.
[2] *Id*. at ¶ 8
[3] It appears that the amount in controversy is met as the Complaint alleges that Plaintiffs "sustained damages in the amount of $251,116.83. *Id*. at ¶¶ 37, 40.
[4] *See id*. at ¶¶ 11-13.
[5] *Id*. at ¶ 11.
[6] *Id*. at ¶ 12.
[7] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[8] Thus, to properly allege the citizenship of an individual, a party must identify the individual's domicile.

Regarding Aetna's citizenship, the Complaint states, "Aetna…is a health care insurance company. Its principal office is in Hartford, Connecticut."[9] Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"[10] The Complaint does not adequately allege Aetna's state of incorporation.

"Federal courts are duty bound to determine their own jurisdiction and may do so *sua sponte* if necessary."[11] Here, the Court *sua sponte* raises the issue of whether complete diversity exists between the parties. Accordingly,

**IT IS ORDERED** that **on or before August 3, 2020,** Plaintiffs shall file a comprehensive Amended Complaint that contains all their numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of Plaintiffs, Alireza Sadeghi, M.D. and Taylor Theunissen, M.D., and Defendant, Aetna Life Insurance Company, as described herein.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on July 23, 2020.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[8] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (*citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)).
[9] R. Doc. 1, 13.
[10] *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[11] *Fontenot v. Albemarle Corp.*, 181 F.3d 96, 1999 WL 346962, at * 1 (5th Cir. 1999).