**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ALIREZA SADEGHI, M.D. AND TAYLOR THEUNISSEN, M.D.,** | * | **CIVIL ACTION NO. 20-447** |
| | * | |
| **Plaintiffs** | * | |
| **VERSUS** | | **JUDGE SHELLEY D. DICK** |
| | * | |
| **AETNA LIFE INSURANCE COMPANY,** | * | |
| **Defendant** | * | **MAGISTRATE ERIN WILDER-DOOMES** |

* * * * * * *

# JOINT STATUS REPORT

## A. JURISDICTION

**What is the basis for the jurisdiction of the Court?**

The Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(a) and (c) (diversity).

## B. BRIEF EXPLANATION OF THE CASE

### 1. Plaintiff's Claims:

This is an action concerning Defendant Aetna's alleged under-reimbursement of Plaintiffs for post-mastectomy breast reconstruction. Plaintiffs were out of network with Aetna. Plaintiffs allege that Aetna entered into an in-network exception with Plaintiffs for the surgery, promising that the patient would be financially responsible only for in-network cost-sharing requirements and not for the balance bill.

However, after performing the breast reconstruction surgery under the in-network exception agreement, Plaintiffs allege that Aetna breached the in-network exception agreement and refused to apply it. As a result, Plaintiffs were under-reimbursed by not being paid according to the in-network exception agreement and Defendant failed to preclude the patient from being balance billed.

**2. Defendant's Claims:**

Defendant Aetna Life Insurance Company ("Aetna") denies the allegations of Plaintiffs' Complaint and denies any liability to Plaintiffs. Aetna correctly processed the claims which are the subject of this lawsuit and paid benefits in accordance with the benefit plan at issue.

## C. PENDING MOTIONS

None.

## D. ISSUES

**List the principal legal issues involved and indicate whether or not any of those issues are in dispute:**

**Plaintiff's Position:**

1. This is a direct, not derivative action, and the state-law claims are independent of, the Plan. Accordingly, ERISA does not apply to Plaintiffs' claims in this case. Defendant Aetna did not move to dismiss the claims as preempted by ERISA; rather it answered the Complaint and did not list preemption under ERISA as a defense (thus waiving the defense).

2. As a direct action, Plaintiffs do not allege that they were beneficiaries of their patients' health benefit plans. Therefore, there cannot be any dispute as to this issue.

**Defendant's Position:**

1. The merits of Plaintiff's legal positions and entitlement to the relief requested is disputed.

2. The applicability of ERISA to Plaintiffs' claims is disputed.

3. Plaintiffs' status as alleged beneficiaries of their patients' health benefit plans are disputed.

## E. DAMAGES

**Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:**

1. **Plaintiff's calculation of damages:** The unreimbursed amount of $251,116.83 minus patient responsibility amounts, plus statutory interest.

2. **Defendant's calculation of offset and/or plaintiff's damages:**

Aetna disputes that Plaintiffs are entitled to any damages in this case. Aetna submits that there can be no damages beyond the benefits available under the benefit plan.

3. **Counterclaimant/cross claimant/third party's calculation of damages:**

Not applicable.

**F. SERVICE**

**Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:**

None.

**G. DISCOVERY:**

**1. Initial Disclosures:**

**A. Have the initial disclosures required under FRCP 26 (a)(1) been completed?**

**[ ] YES [ X ] NO**

**In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.**

**B. Do any parties object to initial disclosures?**

**[ ] YES [X] NO**

**For any party who answered *yes*, please explain your reasons for objecting.**

**2. Briefly describe any discovery that has been completed or is in progress:**

**By plaintiff(s):** Document requests to Defendant in progress

**By defendant(s):**

None.

3. **Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example, are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)**

Both parties are amenable to the entry of a Protective Order to maintain the privacy of any member's personal health information.

4. **Discovery from experts:**

**Identify the subject matter(s) as to which expert testimony will be offered:**

**By plaintiff(s):**

There are no ERISA issues in this case and, therefore, the nominal limitation of discovery in ERISA cases to the administrative record does not apply. It is unknown at this time what expert discovery Plaintiffs may offer.

**By defendant(s):**

Unknown at this time. However, Aetna asserts that for the issues falling under ERISA, discovery is permitted only under limited circumstances which are not present here.

## H. PROPOSED SCHEDULING ORDER

1. **If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:** December 4, 2020**.**

2. **Recommended deadlines to join other parties or to amend the pleadings:** January 15, 2021**.**

3. **Filing all discovery motions and completing all discovery except experts:** June 1, 2021**.** However, Aetna asserts that for the issues falling under ERISA, discovery is permitted only under limited circumstances which are not present here. Plaintiff responds that there are no ERISA issues in this case.

4. **Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):**

   **Plaintiff(s):** August 1, 2021**.**

**Defendant(s):** September 1, 2021**.** However, Aetna asserts that for the issues falling under ERISA, discovery is permitted only under limited circumstances which are not present here. Plaintiff responds that there are no ERISA issues in this case.

5. **Exchange of expert reports:**
   **Plaintiff(s):** October 1, 2021**.**
   **Defendant(s):** November 15, 2021**.** However, Aetna asserts that for the issues falling under ERISA, discovery is permitted only under limited circumstances which are not present here. Plaintiff responds that there are no ERISA issues in this case.

6. **Completion of discovery from experts:** January 15, 2022**.** However, as this matter is governed by ERISA, discovery is permitted only under limited circumstances which are not present here. Plaintiff responds that there are no ERISA issues in this case.

7. **Filing dispositive motions and Daubert motions:** March 1, 2022**.** However, as this matter is governed by ERISA, discovery is permitted only under limited circumstances which are not present here. Plaintiff responds that there are no ERISA issues in this case.

8. **All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.**

   a. **Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).**

   b. **Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).**

   c. **Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).**

   d. **Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).**

   e. **Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).**

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

f. **Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).**

g. **Trial date (approximately 27-29 weeks after dispositive motion deadline).**

9. **If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.**

## I. TRIAL

1. **Has a demand for trial by jury been made?**

**[ X ] YES [ ] NO[2]**

2. **Estimate the number of days that trial will require.**

1-2 days

## J. OTHER MATTERS

**Are there any specific problems the parties wish to address at the scheduling conference?**

**[ ] YES [X] NO**

i. **If the answer is *yes*, please explain:**

ii. **If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

**[X ] YES [ ] NO**

## K. SETTLEMENT

1. **Please set forth what efforts, if any, the parties have made to settle this case to date.**

The parties have discussed the claims and are working through details now to better understand what is sought and what is allegedly owed.

---

[2] Defendant's Response: Plaintiff's did not specifically pray for a jury trial; rather, Plaintiff's simply put "Jury Demand" in the caption of the Complaint. Defendant maintains that absent of prayer for a jury and oblique reference in the caption is and insufficient jury request.

**2. Do the parties wish to have a settlement conference:**

**[X] YES [ ] NO**

**If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?** After the above discussion between the parties.

**L. CONSENT TO JURISDICTION BY MAGISTRATE:**

**You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.**

**Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.**

**All parties agree to jurisdiction by a Magistrate Judge of this court:**

**[ ] YES [ X ] NO**

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.**

**Report dated: _______________**

HERMAN LAW FIRM

By: */s/ Jonathan M. Herman*
Jonathan M. Herman (La. Bar No. 23127)
Thanksgiving Tower
1601 Elm Street, Suite 2002
Dallas, Texas 75201
Telephone: (214) 624-9805, ext. 101
Facsimile: (469) 383-3469
jherman@herman-lawfirm.com

and

Mitchell Hasenkampf (La. Bar No. 32870)
Allison Nunley Pham (La. Bar No. 29369)
Place St. Charles
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
Telephone: (214) 624-9805
Facsimile: (469) 383-3469
mhasenkampf@herman-lawfirm.com
apham@herman-lawfirm.com

ATTORNEYS FOR DEFENDANT AETNA LIFE INSURANCE COMPANY

Kernan Hand
HAND LAW FIRM
110 Veterans Memorial Blvd.
Suite 170
Metairie, LA 70005
Phone (504) 539-HAND (4263)
Cell (504) 908--9539
Fax (504) 539-4265

Robert J. Axelrod
Motion for *Pro hac vice* to be filed
Axelrod LLP
800 Third Avenue, Suite 2800
New York, NY 10022
(646) 448-5263
rjaxelrod@axelrodllp.com
www.axelrodllp.com

*Attorneys for Plaintiffs Alireza Sadeghi, M.D. and Taylor Thuenissen, M.D.*